IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | |
| | ) | |
| KELLY LEANN MICHENER and | ) | |
| THOMAS J. MICHENER, | ) | |
| | ) | CASE NO. BK14-40294 |
| Debtor(s). | ) | A14-4024 |
| RICK D. LANGE, Chapter 7 Trustee, | ) | |
| | ) | |
| Plaintiff, | ) | CHAPTER 7 |
| | ) | |
| vs. | ) | |
| | ) | |
| DAN HENSLEE, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

This matter is before the court on the plaintiff's motion for summary judgment (Fil. No. 6) and objection by the defendant (Fil. No. 9). Benjamin E. Moore represents the plaintiff, and David P. Kyker represents the defendant. Evidence and briefs were filed and, pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is denied.

The debtors lease a house in Lincoln, Nebraska, from Dan Henslee. Five days prior to filing their Chapter 7 petition in February, the debtors transferred $5,258 to Mr. Henslee. The bankruptcy trustee filed this adversary proceeding to avoid the transfer as a preference and recover the amount of the transfer for the benefit of the estate. Mr. Henslee admitted in his answer to the trustee's complaint that he received the funds, but he asserts that the debtors assumed the lease agreement pursuant to 11 U.S.C. § 365(p)(2)[1] so the payment cannot be avoided as a preferential payment. The

---

[1]That subsection provides:

(p)(1) If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically terminated.

  (2)(A) If the debtor in a case under chapter 7 is an individual, the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the

(continued...)

trustee has moved for summary judgment on the grounds that no genuine issues of material fact exist and the trustee is entitled to judgment as a matter of law.

Summary judgment is appropriate only if the record, when viewed in the light most favorable to the non-moving party, shows there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c) (made applicable to adversary proceedings in bankruptcy by Fed. R. Bankr. P. 7056); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). On a motion for summary judgment, "facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). An issue is genuine if it has a real basis in the record, and a genuine issue of fact is material if it might affect the outcome of the suit. *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Blocker v. Patch (In re Patch)*, 526 F.3d 1176, 1180 (8th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

For purposes of this motion, the following facts are uncontroverted:

1. Rick D. Lange is the duly appointed and qualified Chapter 7 bankruptcy trustee in the above-captioned bankruptcy case filed by the debtors.

2. Mr. Henslee is a party in interest and resides in Lincoln, Lancaster County, Nebraska.

3. The court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (F), and (O) and the court has the authority to grant the relief requested herein.

4. This adversary proceeding is brought pursuant to §§ 547, 550 and 551 of Title 11, United States Bankruptcy Code (11 U.S.C. § 101 *et seq.*, hereinafter referred to as the "Code").

5. Venue is proper pursuant to 28 U.S.C. § 1409.

---

[1](...continued)
lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.
  (B) If, not later than 30 days after notice is provided under subparagraph (A), the debtor notifies the lessor in writing that the lease is assumed, the liability under the lease will be assumed by the debtor and not by the estate.
  (C) The stay under section 362 and the injunction under section 524(a)(2) shall not be violated by notification of the debtor and negotiation of cure under this subsection.

6. At all relevant times hereto, the debtors leased from Mr. Henslee a residence located at 6949 Cleveland Avenue in Lincoln, Nebraska.

7. On February 21, 2014, the debtors filed a petition for relief under Chapter 7 of the Code.

8. The debtors transferred $5,258 to Mr. Henslee on February 16, 2014. That amount represents $750 for the March 2014 rent and $4,508 to cure the rent arrearage.

9. This transfer was made within 90 days before the filing of the debtors' bankruptcy petition.

10. The transfer was made while the debtors were insolvent; insolvency is presumed pursuant to 11 U.S.C. § 547(f).

11. The debtors assumed the lease, with Mr. Henslee's acquiescence and consent, pursuant to § 365(p)(2).

The elements of a preferential transfer are set out in § 547(b) of the Bankrtupcy Code.

> "Title 11 U.S.C. § 547(b) requires that in order for a transfer to be subject to avoidance as a preference, (1) there must be a transfer of an interest of the debtor in property, (2) on account of an antecedent debt, (3) to or for the benefit of a creditor, (4) made while the debtor was insolvent, (5) within 90 days prior to the commencement of the bankruptcy case, (6) that left the creditor better off than it would have been if the transfer had not been made and the creditor asserted its claim in a Chapter 7 liquidation." *Buckley v. Jeld-Wen, Inc. (In re Interior Wood Prods. Co.)*, 986 F.2d 228, 230 (8th Cir. 1993). The trustee must establish each of these elements by a preponderance of the evidence. *Stingley v. AlliedSignal, Inc. (In re Libby Int'l, Inc.)*, 247 B.R. 463, 466 (8th Cir. B.A.P. 2000).

*Wells Fargo Home Mortgage, Inc. v. Lindquist*, 592 F.3d 838, 842 (8th Cir. 2010).

The trustee posits that each of the preference elements has been established and there is no defense available to the defendant. In his resistance to the trustee's motion, Mr. Henslee asserts three defenses: first, that the assumption of the residential lease and the agreement to cure the rent arrearage inoculates the payment from a preference claim; second, that he and the debtors exchanged new value; and third, that the payment in question was made in the ordinary course of the parties' financial affairs.

With regard to the § 365(p) argument, there are at least two reasons it is inapplicable here. First, the statutory language applies only to leases of personal property. *See* § 365(p)(1) ("If a lease of personal property is rejected or not timely assumed by the trustee under subsection (d), the leased property is no longer property of the estate and the stay under section 362(a) is automatically

terminated."). Second, § 365(p) deals only with the applicability of the automatic stay to the assumption or rejection of personal property leases. In essence, it provides only that rejection or non-assumption of a personal property lease terminates the automatic stay, while the negotiations over the assumption of such a lease are not violations of the stay or the discharge injunction. Because its scope is limited to personal property leases and the automatic stay, this section lends no succor to a party in the defendant's shoes.

Executory contracts and unexpired leases of residential real property in Chapter 7 cases are to be assumed or rejected by the case trustee within 60 days after entry of the order for relief. § 365(d)(1). The filing of the bankruptcy petition constitutes the order for relief. § 301(b). The debtors' petition was filed on February 21, 2014, and the 60-day period expired on April 22, 2014, without the lease having been assumed, so it is deemed rejected, § 365(d)(1), and represents a breach of the lease, § 365(g)(1), for which the landlord is entitled to exercise his state-law remedies upon obtaining relief from the automatic stay.

Turning to Mr. Henslee's next two arguments, both are affirmative defenses under § 547(c)(1) and (2) to a preference action. Section 547(c)(1) provides that the trustee may not avoid an otherwise preferential transfer to the extent such transfer was intended by the debtor and creditor to or for whose benefit such transfer was made to be a contemporaneous exchange for new value given to the debtor, and was in fact a substantially contemporaneous exchange. As between a landlord and tenant, new value may be created by the payment of rent in exchange for the tenant's right to continue a leasehold estate in the premises, particularly when the lease is treated as an executory contract under which each parties' obligations become due each month. *Barnes v. Karbank Holdings, LLC (In re JS & RB, Inc.)*, 446 B.R. 350, 356 (Bankr. W.D. Mo. 2011). The facts here indicate that $750 of the transfer was for the upcoming month's rent. The lease was considered executory from the date of filing through April 22, so the rent paid for March was in exchange for the debtors' right to continue to live in the home. The record does not contain evidence as to the terms of the lease, so it is unclear when the rent for each month was due, but the exchange of funds for the right to continue to occupy the premises for several upcoming weeks would seem to be a substantially contemporaneous exchange for new value. Therefore, $750 of the amount transferred is not avoidable as a preference.

Section 547(c)(2) provides that the trustee may not avoid a transfer to the extent that such transfer was in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee and such transfer was made in the ordinary course of business or financial affairs of the debtor and the transferee. The Eighth Circuit Court of Appeals recently reiterated that "the court must engage in a peculiarly factual analysis" to determine whether a preferential transfer was made within the ordinary course of business between the parties because there is no precise legal test to apply. *Cox v. Momar Inc. (In re Affiliated Foods Sw. Inc.)*, 750 F.3d 714, 719 (8th Cir. 2014).

> "[T]he cornerstone" of the inquiry is that the creditor must demonstrate "some consistency with other business transactions between the debtor and the creditor." [*Lovett v. St. Johnsbury Trucking*, 931 F.2d 494, 497 (8th Cir.1991)] . . . "[T]he

analysis focuses on the time within which the debtor ordinarily paid the creditor's invoices, and whether the timing of the payments during the 90-day [preference] period reflected 'some consistency' with that practice." 931 F.2d at 498. This inquiry is not resolved simply by looking at the terms of any contract between the parties. "[A] 'late' payment really isn't late if the parties have established a practice that deviates from the strict terms of their written contract." *In re Tolona Pizza Prods. Corp.*, 3 F.3d 1029, 1032 (7th Cir. 1993); *accord Lovett*, 931 F.2d at 498–99.

*Id.* at 719-20.

The *Affiliated Foods* decision also establishes that the "look-back" period for ascertaining the ordinary course of business between the parties depends on the facts of each case. The standard used in one case may not be appropriate in another case because the "purpose of a look-back period is to evaluate whether challenged transfers 'conform to the norm established by the debtor and the creditor in the period before, preferably well before, the preference period.'" 750 F.3d at 720 (quoting *Tolona*, 3 F.3d at 1032). In *Lovett*, 720 invoices had been paid in the year preceding the preference period and 122 invoices were paid during the preference period, providing a sufficient sample for the court to establish the parties' ordinary course of business. In contrast, the parties in *Affiliated Foods* had only nine transactions in the two years prior to the petition date, with just three transactions outside of the preference period. The court determined that a two-year look-back period established a "far better benchmark." *Id.*

In the present case, there is no evidence of when the rent was due compared to when it was actually paid. The amount of the arrearage paid in February would suggest it was for six months' rent. Mr. Henslee testified in his affidavit that the debtors frequently have been in arrears with their rent, using tax refunds and other lump-sum payments to catch up. Because this question is necessarily fact-intensive, it cannot be decided on summary judgment.

Alternatively, Mr. Henslee posits that the debtors provided value and earned his patience by performing a number of maintenance and repair projects to assist with upkeep on the property. Evidence of this as part of the parties' business relationship would help in establishing the viability of Mr. Henslee's affirmative defenses.

To sum up, the trustee has established a prima facie case of a preferential payment: The debtors made a payment of $5,258 to their landlord within 90 days before they filed bankruptcy; at least a portion of the payment was for past-due rent; the debtors were insolvent when the payment was made; and according to the trustee, the payment was more than the landlord would receive if he filed a claim and was paid pro rata from the bankruptcy estate. However, the defendant has raised genuine issues of material fact on his affirmative defenses to the attempted avoidance of the preference, and will be given the opportunity to prove his case at trial. Therefore, the trustee's motion for summary judgment is denied.

IT IS ORDERED: The plaintiff's motion for summary judgment (Fil. No. 6) is denied. As previously ordered, the parties shall file a preliminary pretrial order by October 29, 2014, and the matter will be set for trial in due course.

DATED: August 19, 2014.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
  *Benjamin E. Moore
  David P. Kyker
  U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.